UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60999-LEIBOWITZ/AUGUSTIN-BIRCH

SERGIO ENRIQUE FRANCO CORTEZ,

     Plaintiff,

v.

HELLENIC REPUBLIC, INC., *et al.*,

     Defendants.

                                  /

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This cause comes before the Court on Plaintiff Sergio Enrique Franco Cortez's Motion for Default Judgment. DE 15. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 16. After reviewing the Motion and the accompanying affidavit, the Court determined that an evidentiary hearing was necessary for Plaintiff to address the basis for his claim for unpaid tips and how he calculated his unpaid tips and unpaid overtime damages. *See* DE 17. Therefore, the Court held an evidentiary hearing on December 19, 2024, and Plaintiff testified. DE 21. Having carefully considered the Motion, the record, and Plaintiff's testimony at the evidentiary hearing and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Default Judgment [DE 15].

## I. Background

In his Complaint, Plaintiff alleges that Defendant Hellenic Republic, Inc. is a restaurant business and that Defendants Nikol Zarbalas and Douglas Chiessa are the owners and/or operators of the business. DE 1 ¶¶ 7–9. Plaintiff further alleges that he worked for Defendants as a server and that they knowingly and willfully failed to pay him his legally entitled wages, such as minimum wages, overtime wages, and tips. *Id.* ¶¶ 10–14. As such, Plaintiff seeks $12,247.12 in damages—comprised of $744 in unpaid minimum wages, $236.70 in unpaid overtime wages, $5,142.86 in unpaid tips, and $6,123.56 in liquidated damages—from Defendants under the Fair Labor Standards Act ("FLSA").[1] *See id.* at 2–3; DE 1-3 (statement of claim).

Despite being served, *see* DE 7; DE 8, DE 9, Defendants failed to respond to the Complaint. Plaintiff subsequently moved for entry of a clerk's default, DE 10, and the Clerk's Office entered a default for all Defendants. DE 11. Thereafter, Plaintiff filed the present Motion for Default Judgment. DE 15. Defendants have not responded to the Motion, and the time for them to do so has passed.

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Id.* (quotation marks omitted). In other words, a complaint must be able to survive a motion to dismiss for failure to state a claim in order

---

[1] Plaintiff claims $12,247.11 in total for the amount of damages he seeks from Defendants, DE 1-3, but this total is one penny shy of the sum of all claimed damages.

for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To state a claim for unpaid minimum and overtime wages and unpaid tips under the FLSA, Plaintiff must demonstrate that: (1) Defendants employed him, (2) either he was engaged in interstate commerce or Defendants were an enterprise engaged in interstate commerce, and (3) Defendants did not pay him minimum and overtime wages and tips. *See, e.g.*, *Moore v. King Game, Inc.*, No. 19-21391-CIV, 2021 WL 4295400, at *2 (S.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 19-21391-CIV, 2021 WL 4290870 (S.D. Fla. Sept. 21, 2021); *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008); *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021); 29 U.S.C. § 216(b) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of . . . all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."). The Complaint meets each of these requirements.

Specifically, Defendants have, by their default, admitted the following well-plead allegations in the Complaint. First, Plaintiff alleges that Defendants were his employers and that Defendants Zarbalas and Chiessa had operational control over Defendant Hellenic Republic, DE 1 ¶¶ 2, 7, 8, 10, which makes them jointly and severally liable under the FLSA. *See Wallace*, 247 F.R.D. at 682 (explaining that a corporate officer with operational control of a corporation is an employer along with the corporation and is thus jointly and severally liable for any FLSA

3

violations). Second, Plaintiff avers that Defendant Hellenic Republic is an enterprise engaged in interstate commerce because it generated over $500,000 in gross sales or business and has employees who handle, sell, or otherwise work on goods or materials that were moved in or produced for commerce, such as computers, phones, pens, and paper.[2] DE 1 ¶¶ 4–6; s*ee Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done." (quotation marks omitted)); *see, e.g.*, *Certain v. Van Horst Gen. Contractors, LLC.*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) ("Plaintiffs' allegation that Defendant had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction is adequate at the pleading stage for the first prong of enterprise coverage. (citation omitted)); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018) (concluding that plaintiff's enterprise coverage claim—which alleged that defendant's employees used tools and equipment, including computers, pens, and paper, that were

---

[2] Although Plaintiff only alleged, upon information and belief, that Defendant Hellenic Republic generated over $500,000 in gross revenue annually, such an allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *West v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21685-CIV, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) ("Plaintiff's allegation 'upon information and belief' that 'the annual gross revenue of Defendants was in excess of $5,000,00.00 [sic] per annum,' is sufficient at this stage of the proceedings to establish enterprise coverage."); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (finding information and belief allegation about gross revenue of defendants sufficient for plaintiff to demonstrate enterprise coverage and noting that the issue of defendants' gross sales "are issues more appropriately determined at the summary judgment stage"); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").

moved in or produced for commerce—was sufficient to survive motion to dismiss). Lastly, Plaintiff asserts that Defendants failed to pay him minimum and overtime wages and his full tips. DE 1 ¶¶ 11–14. Accordingly, the Court finds that Plaintiff has established Defendants' liability for the violations of the FLSA that he pleads.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co.*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). When making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted).

Here, because of the shortfalls in Plaintiff's affidavit, DE 15-1, the Court held an evidentiary hearing to gain clarity on the basis for Plaintiff's unpaid tips claim and how Plaintiff calculated his unpaid tips and overtime wages. Concerning his unpaid tips, Plaintiff testified that Defendants were supposed to pay him tips at the end of the week, but Plaintiff claimed that he only received cash tips, not credit card tips. Plaintiff further stated that he calculated his unpaid tips using a figure of $160 per day, reasoning he generally received $17 to $20 in tips per hour worked. Regarding his unpaid overtime, Plaintiff acknowledged that—for all but the one time period of May 25–31, 2024, where he claimed unpaid minimum wages—he was paid his regular hourly rate

for the hours he worked overtime. Thus, Plaintiff confirmed that his unpaid overtime claims, with the exception of his claim for May 25–31, 2024, were for the half-time rate he was not paid. With these explanations, the Court can make its damages determination.

Starting with Plaintiff's unpaid minimum wages, Plaintiff worked a total of 62 hours without receiving payment of a minimum wage. *Id.* Plaintiff, however, calculates his unpaid minimum wage damages utilizing Florida's minimum wage of $12 per hour. *See id.*; DE 15 at 3 ("Under the FLSA, Cortez's minimum wage claim is compensated at Florida's minimum wage rate."). But Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. DE 1. As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); 29 U.S.C. § 206(a)(1)(C) (establishing $7.25 as the federal minimum wage); *see also Sevares v. Am. Pipeline Constr., LLC*, No. 22-CV-21233, 2023 WL 3871524, at *7 (S.D. Fla. Feb. 28, 2023) ("Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. The FLSA does not provide a basis for recovery of the agreed upon hourly rate of pay in excess of the [federal] minimum wage." (citation omitted)), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 3191256 (S.D. Fla. May 2, 2023); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582-CIV, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage."); *Cloer v. Green Mountain Specialties Corp*, No. 618CV999ORL40LRH, 2019 WL 13063434, at *7 (M.D. Fla. Oct. 2, 2019) ("Because Plaintiffs are proceeding under the FLSA to recover unpaid minimum wages, I recommend that the Court find that the federal minimum wage of $7.25 per hour applies to these claims."); *Ical v.*

*Neljosh Remodeling, Inc.*, No. 3:22CV23704-MCR-ZCB, 2024 WL 2703757, at *4 (N.D. Fla. Feb. 5, 2024) ("[A]lthough the FLSA does not excuse non-compliance with the higher state law minimum wage, it also does not dictate that the state's law becomes the federal standard for calculating damages when only a federal FLSA claim is asserted."). Accordingly, the Court recommends awarding Plaintiff $449.50 in unpaid minimum wages (62 x $7.25 = $449.50).

As for Plaintiff's unpaid overtime wages, Plaintiff worked a total of 26.3 overtime hours without receiving proper overtime compensation. DE 15-1. Under the FLSA, an employee is entitled to compensation at one and one-half times the employee's regular rate for any hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Since Plaintiff's regular hourly rate was $14, DE 15-1, Plaintiff is entitled to $21 per hour for the hours he worked in excess of forty hours per week. However, as Plaintiff testified during the evidentiary hearing, and as his affidavit demonstrates, *id.*, he was paid his regular hourly rate for the overtime hours he worked for all time periods at issue except for the time period of May 25–31, 2024. Thus, Plaintiff is only entitled to a half-rate of $7 for the overtime hours in those periods to account for the difference between Plaintiff's overtime rate and his regular hourly rate ($21 – $14 = $7). As for the time period of May 25–31, 2024, Plaintiff is only entitled to an overtime rate of $13.75, which accounts for the difference between Plaintiff's overtime rate and the federal minimum hourly rate that the Court has already recommended Plaintiff be awarded for those 11 hours of overtime ($21 – $7.25 = $13.75). Accordingly, the Court recommends awarding Plaintiff $258.35 in unpaid overtime wages (15.3 x $7 = $107.10) + (11 x $13.75 = $151.25).

Regarding Plaintiff's unpaid tips, Plaintiff was not paid $800 in tips per week for the time periods he worked an entire week. *Id.* For the time periods he worked less than a full week, Plaintiff calculated his unpaid tips by dividing $800 by the fraction of the week that he worked. *See id.* By

way of example, for the time period of May 24, 2024, where Plaintiff only worked one day, Plaintiff calculated his unpaid tips by multiplying $800 by the fraction of the week he worked (1/7), which equates to his claimed unpaid tips of $114.29 ($800 x 1/7 = $114.29). *See id.* Accordingly, the Court recommends awarding Plaintiff $5,142.86 in unpaid tips. *See id.* (claiming $5,142.86 in unpaid tips).

Lastly, concerning his claim for liquidated damages, Plaintiff is entitled to liquidated damages because Defendants, by their default, have failed to refute Plaintiff's allegation that they knowingly and willfully refused to pay him his minimum and overtime wages and tips. DE 1 ¶ 14; *Haliburton*, 2020 WL 13369450, at *2 (awarding plaintiff liquidated damages on default judgment for FLSA claim where defaulting defendants failed to meet their burden of demonstrating that liquidated damages were not warranted); *Pena v. Best Wholesale Grocers, LLC*, No. 23-CV-61116-RAR, 2023 WL 5095492, at *2 (S.D. Fla. Aug. 9, 2023) (explaining that a plaintiff is entitled to liquidated damages when a defaulting employer fails to meet its burden of demonstrating that liquidated damages are not warranted). Accordingly, the Court recommends awarding Plaintiff $5,850.71 in liquidated damages ($449.50 + $258.35 + $5,142.86 = $5,850.71). *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages.").

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Default Judgment [DE 15] and awarding Plaintiff $11,701.42 in damages.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 8th day of January, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE